**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| RODNEY COLEMAN, | CIVIL COMPLAINT |
| Plaintiff, | |
| v. | CASE NO. 1:26-cv-1787 |
| E.B.M., INC., | DEMAND FOR JURY TRIAL |
| Defendant. | |

**COMPLAINT**

NOW COMES Plaintiff, RODNEY COLEMAN ("Plaintiff"), by and through his attorneys, Consumer Law Partners, LLC, complaining as to the conduct of E.B.M., INC. ("Defendant"), as follows:

**NATURE OF THE ACTION**

1. This Complaint arises from Defendant's discrimination on the basis of Plaintiff's disability, Defendant's failure to accommodate Plaintiff's disability, and Defendant's retaliation against Plaintiff for engaging in protected activity in violation of the Americans with Disabilities Act ("ADA"), 42 U.S.C. § 12101 *et seq.*, and in violation of the Illinois Human Rights Act ("IHRA"), 775 ILCS 5/ *et seq.*

**JURISDICTION AND VENUE**

2. This action arises under and is brought pursuant to the ADA. Subject matter jurisdiction is conferred upon this Court by 28 U.S.C. § 1331, as the action arises under the laws of the United States.

1

3. This Court has supplemental jurisdiction over Plaintiff's IHRA claims, as they are so related to the ADA claims that they form part of the same case and controversy under Article III of the United States Constitution.

4. Venue is proper in this District for Plaintiff's ADA claims pursuant to 42 U.S.C. § 2000e-5(f)(3), as incorporated by 42 U.S.C. § 12117(a) because the unlawful employment practices alleged herein occurred in this District, relevant employment records are maintained and administered in this District, and Plaintiff would have worked in this District but for Defendant's unlawful conduct.

ADMINISTRATIVE EXHAUSTION

5. Plaintiff has satisfied all statutory and administrative prerequisites to invoke this Court's jurisdiction under the ADA and IHRA.

6. Plaintiff cross-filed a charge with the Equal Employment Opportunity Commission ("EEOC") and the Illinois Department of Human Rights ("IDHR") on May 28, 2025.

7. On January 16, 2026, the EEOC provided Plaintiff with a Right to Sue Notice and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the EEOC's Right to Sue Notice. *See* Exhibit A, Plaintiff's EEOC Right to Sue.

8. On January 20, 2026, Plaintiff duly notified IDHR of the EEOC's issuance of the Right to Sue notice.

9. On February 11, 2026, IDHR provided Plaintiff with a Notice of EEOC Adopted Finding and Plaintiff filed this lawsuit within ninety (90) days of Plaintiff's receipt of the IDHR's Notice of EEOC Adopted Finding. *See* Exhibit B, Plaintiff's IDHR Notice of EEOC Adopted Finding.

PARTIES

10. Plaintiff is a resident of Chicago, Illinois.

2

11. Plaintiff worked for Defendant within the Northern District of Illinois.

12. Plaintiff was an "employee" within the meaning of the ADA and IHRA.

13. Defendant is a corporation organized under the laws of Illinois, with its principal place of business located at 1000 East State Parkway Suite A Schaumburg, Illinois 60173.

14. Defendant is a janitorial and facilities maintenance company that offers cleaning services and full facility maintenance for commercial, industrial, healthcare, and hospitality clients.[1]

15. At all relevant times, Defendant was an "employer" within the meaning of the ADA and IHRA. Defendant is and was engaged in an industry affecting interstate commerce and, upon information and belief, employed fifteen (15) or more employees for each working day in twenty (20) or more calendar weeks in the current and/or preceding calendar year.

## FACTUAL ALLEGATIONS

16. Plaintiff suffers from multiple medical conditions and physical impairments, including congestive heart failure and leg edema, which substantially limit one or more major life activities, such as lifting, reaching, stretching, walking, and mobility. These conditions also significantly affect major bodily functions, including respiration, cardiovascular circulation, and overall mobility tolerance.

17. Defendant hired Plaintiff in early 2024 to work as a Building Services Worker.

18. Defendant hired Plaintiff to work at its client's facility, Cook County Hospital Systems ("the Hospital").

19. As part of the hiring and onboarding process, Defendant required Plaintiff to pass a physical examination with Defendant's medical provider.

---

[1] E.B.M., INC., https://ebmcleaning.com/about/# (last visited Jan. 26, 2026).

20. During Plaintiff's physical examination, Plaintiff disclosed his medical conditions and physical impairments along with his physical limitations.

21. As such, Defendant had notice of Plaintiff's physical impairment and limitations.

22. The essential duties of Plaintiff's position were disposing of garbage, sweeping, mopping, and disinfecting the Hospital's facilities.

23. At all times, Plaintiff could perform the essential functions of the position.

24. Shortly after Plaintiff began his employment, Defendant trained Plaintiff in the Hospital's discharge duties, which included cleaning and preparing vacated patient rooms for turnover and use by incoming patients.

25. These duties were among the most physically demanding tasks in the Hospital, as they required Plaintiff to clean and prepare patient rooms for turnover under significant time constraints.

26. As such, Plaintiff notified his trainer, Misty, that he could not meet the demands of the Hospital's discharge duties because of his above-mentioned physical impairments and limitations and requested different duties as an accommodation.

27. Misty communicated Plaintiff's concerns with Plaintiff's supervisor.

28. Plaintiff's supervisor agreed to accommodate Plaintiff by removing him from discharge duties and solely focusing on other duties such as sanitization, sterilization, dusting, and garbage disposal.

29. Defendant did so without issue.

30. Thereafter, Plaintiff had no issues performing the essential duties of his role.

31. Throughout the next several months, Defendant transferred Plaintiff to several different units within the Hospital, but Plaintiff always performed the essential duties of his role and met Defendant's expectations.

4

32. On or around December of 2024, Defendant notified Plaintiff that it would be requiring him to perform discharge duties.

33. Plaintiff again communicated that he could not perform these duties because of his physical impairment and related limitations.

34. Defendant requested that Plaintiff provide it with medical documentation of his physical impairments.

35. On or around December 6, 2024, Plaintiff submitted a note from his medical provider stating that Plaintiff had a "chronic medical condition" and was "unable to do excessive lifting, stretching, or reaching due to a risk of exacerbating [his] heart condition."

36. The note also provided, "if you have any questions or concerns, please don't hesitate to call."

37. Plaintiff requested to be accommodated by continuing to fulfil the duties he had performed throughout his tenure without issue.

38. The Hospital continued to need Defendant's personnel to perform sanitization, sterilization, dusting, and trash disposal duties.

39. However, Defendant denied the request.

40. Defendant never attempted to contact Plaintiff's medical provider or attempted to communicate with Plaintiff to assess the nature, duration, or severity of Plaintiff's physical impairment and related limitations.

41. Defendant never attempted to find a reasonable accommodation for Plaintiff.

42. Defendant thereafter terminated Plaintiff's employment.

43. Alternatively, Defendant offered Plaintiff unpaid medical leave until his condition improved.

44. However, Plaintiff's condition had not worsened nor did it have a cure, as such Defendant was offering indefinite unpaid leave without clear terms for Plaintiff's return.

45. Fearing that Defendant would not allow Plaintiff to return to work after denying his accommodation request and knowing that it would be unsustainable for him to remain unpaid indefinitely, Plaintiff had no choice but to reject Defendant's offer and resign.

46. Defendant chose to not engage in good faith with Plaintiff and only offered Plaintiff an unreasonable accommodation, indefinite unpaid leave.

47. As a direct and proximate result of Defendant's unlawful actions, Plaintiff has experienced financial hardship, loss of career advancement, emotional pain, suffering, and other damages for which Defendant is liable.

48. Plaintiff has experienced anxiety, humiliation, and fear of future employment discrimination.

## CAUSES OF ACTION

### COUNT ONE
**Violation of the Americans with Disabilities Act**
**Disability Discrimination**

49. Plaintiff repeats and re-alleges paragraphs 1-48 as if fully stated herein.

50. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based of Plaintiff's disability, in violation of the ADA, 42 U.S.C. § 12101, *et seq*.

51. Plaintiff is disabled under the meaning of the ADA as he has a physical impairment that substantially limits one or more major life activities. Further, Defendant also regarded Plaintiff as being disabled based on actual and perceived physical impairments. *See* 42 U.S.C. § 12102.

52. Plaintiff was a qualified individual with a disability. *See* 42 U.S.C. § 12111(8).

53. Plaintiff met or exceeded Defendant's performance expectations.

54. Plaintiff suffered adverse action when Defendant terminated Plaintiff's employment on the basis of Plaintiff's disability.

55. Alternatively, Plaintiff suffered adverse action when Defendant constructively terminated Plaintiff's employment by creating an intolerable situation where he became compelled to resign.

56. Defendant's treatment of Plaintiff worsened only after he reiterated his need for an accommodation.

57. Defendant relieved Plaintiff of his employment shortly after he requested an accommodation.

58. Plaintiff was treated less favorably than similarly situated employees outside of Plaintiff's protected class who did not have a disability.

59. On information and belief, Defendant replaced Plaintiff with a non-disabled employee.

60. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation of the ADA.

61. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff requests that judgment be entered in his favor including the following relief:

a. Declare that Defendant discriminated against Plaintiff in violation of the ADA;

b. Award compensatory damages for emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life;

c.   Award punitive damages to the extent permitted by law, to deter Defendant and others from engaging in similar unlawful conduct;

d.   Award Plaintiff all back pay, lost wages, lost benefits, and other compensation denied as a result of Defendant's unlawful conduct, with pre-judgment and post-judgment interest as allowed by law;

e.   Award Plaintiff reasonable attorneys' fees, costs, and expenses; and

f.   Grant such other relief which this Honorable Court deems just and equitable.

## COUNT TWO
### Violation of the Americans with Disabilities Act
### Failure to Accommodate

62. Plaintiff repeats and re-alleges paragraphs 1-61 as if fully stated herein.

63. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's disability, in violation of the ADA, 42 U.S.C. § 12101 *et seq*.

64. Plaintiff is a qualified individual with a disability.

65. Defendant was aware of the disability and the need for accommodation.

66. Defendant failed to engage in the interactive process to determine the appropriate accommodation after Plaintiff requested reasonable accommodation.

67. Instead, Defendant denied Plaintiff's request and terminated Plaintiff.

68. Alternatively, Defendant denied Plaintiff's request and forced Plaintiff to resign.

69. Plaintiff's reasonable accommodations that were requested was not an undue burden on the Defendant.

70. Defendant did not accommodate Plaintiff's disability.

71. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the failure to accommodate described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff requests that judgment be entered in his favor including the following relief:

   a.  Declare that Defendant discriminated against Plaintiff in violation of the ADA;

   b.  Award compensatory damages for emotional distress, pain and suffering, inconvenience, and loss of enjoyment of life;

   c.  Award punitive damages to the extent permitted by law, to deter Defendant and others from engaging in similar unlawful conduct;

   d.  Award Plaintiff all back pay, lost wages, lost benefits, and other compensation denied as a result of Defendant's unlawful conduct, with pre-judgment and post-judgment interest as allowed by law;

   e.  Award Plaintiff reasonable attorneys' fees, costs, and expenses; and

   f.  Grant such other relief which this Honorable Court deems just and equitable.

## COUNT THREE
### Violation of the Americans with Disabilities Act
### Retaliation

72. Plaintiff repeats and re-alleges paragraphs 1-71 as if fully stated herein.

73. Defendant interfered with and retaliated against Plaintiff's exercise of ADA protected rights in violation of 42 U.S.C. § 12203.

74. During Plaintiff's employment with Defendant, Plaintiff requested reasonable accommodations. As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant.

75. Defendant retaliated against Plaintiff based on Plaintiff requesting reasonable accommodations, thereby violating the ADA.

76. Shortly after Plaintiff submitted his request for a reasonable accommodation, Defendant terminated Plaintiff's employment.

77. In the alternative, Plaintiff was constructively discharged as a result of Defendant's discriminatory and unlawful conduct.

78. Plaintiff suffered adverse employment action in retaliation for engaging in protected activity.

79. Defendant acted in willful and reckless disregard for Plaintiff's protected rights.

80. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

a. Declare that Defendant retaliated against Plaintiff in violation of the ADA;

b. Enjoin Defendant from engaging in retaliatory conduct and require Defendant to adopt and enforce policies, practices, and training designed to prevent retaliation against employees who engage in protected activity under the ADA;

c.  Award Plaintiff all back pay, lost wages, lost benefits, and other compensation resulting from Defendant's retaliatory actions, together with pre-judgment and post-judgment interest as allowed by law;

d.  Award front pay or reinstatement, as appropriate, to make Plaintiff whole;

e.  Award compensatory damages for emotional distress, humiliation, anxiety, inconvenience, and other non-economic harms caused by Defendant's retaliation;

f.  Award punitive damages to the extent permitted by law, to punish Defendant and deter similar misconduct;

g.  Award Plaintiff reasonable attorneys' fees, litigation costs, and expenses pursuant to 42 U.S.C. § 12205;

h.  Grant such other and further relief as this Honorable Court deems just and proper.

## COUNT FOUR
### Violation of the Illinois Human Rights Act

81.  Plaintiff incorporates by reference the foregoing paragraphs as fully set forth herein.

82.  By violating the ADA, Defendant also violated the Illinois Human Rights Act. *See Torzewski v. Cosco Shipping Lines N. Am., Inc.*, 414 F. Supp. 3d 1143, 1153 (N.D. Ill. 2019) (citing *Teruggi v. CIT Grp.*, 709 F.3d 654, 659 (7th Cir. 2013)); *Zaderaka v. Ill. Human Rights Com.*, 131 Ill. 2d 172, 178, 137 Ill. Dec. 31, 34, 545 N.E.2d 684, 687 (1989).

83.  Plaintiff has demonstrated a *prima facie* cases for his ADA claims in Counts I through III. As such, Plaintiff can demonstrate Defendants' liability under the Illinois Human Rights Act.

WHEREFORE, Plaintiff respectfully requests that this Court enter judgment in Plaintiff's favor and against Defendant, and grant the following relief:

11

a. Declare that Defendant retaliated against Plaintiff in violation of the IHRA;

b. Enjoin Defendant from engaging in retaliatory conduct and require Defendant to adopt and enforce policies, practices, and training designed to prevent retaliation against employees who engage in protected activity;

c. Award Plaintiff all back pay, lost wages, lost benefits, and other compensation resulting from Defendant's retaliatory actions, together with pre-judgment and post-judgment interest as allowed by law;

d. Award front pay or reinstatement, as appropriate, to make Plaintiff whole;

e. Award compensatory damages for emotional distress, humiliation, anxiety, inconvenience, and other non-economic harms caused by Defendant's retaliation;

f. Award punitive damages to the extent permitted by law, to punish Defendant and deter similar misconduct;

g. Award Plaintiff reasonable attorneys' fees, litigation costs, and expenses;

h. Grant such other and further relief as this Honorable Court deems just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands trial by jury on all counts so triable. Dated: February 18, 2026

Respectfully submitted,

/s/ Taxiarchis Hatzidimitriadis
Taxiarchis Hatzidimitriadis #6319225
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
teddy@consumerlawpartners.com

12

/s/ Ricardo Alvarez
Ricardo Alvarez # 6352617
CONSUMER LAW PARTNERS, LLC
180 N. Stetson Ave., Suite 2800
Chicago, Illinois 60601
(267) 422-1000 (phone)
(267) 422-2000 (fax)
ricardo.a@consumerlawpartners.com